WILSON A. TAYLOR v. FRED GEHNER, Assessor, ET AL., Appellants.
—45 S. W. (2d) 59.

Court en Banc, January 4, 1932.

512

*Stratton Shartel,* Attorney-General, and *Henry H. Stern,* Assistant Attorney-General, for appellants.

*Williams & Nelson* for respondent.

RAGLAND, J.—"Respondent is a circuit judge of the Eighth Judicial Circuit of Missouri, having been elected to that office in 1928 for a term of six years.

"For the calendar year 1929 plaintiff received as compensation as said circuit judge the sum of $5,500. This was the amount of compensation 'prescribed by law' for such services at the time he was elected in 1928.

"During said calendar year 1929 respondent received from sources other than his said compensation as circuit judge a total taxable net income of $13,452.68.

"On March 15, 1930, respondent filed with the assessor his individual income tax return to the State of Missouri for the calendar year 1929, correctly stating and showing all matters of income for said year, together with all deductions and exemptions as defined by law; said return stated that the respondent had been paid during said year the sum of $5,500 as compensation as said circuit judge and that he claimed said compensation as circuit judge to be exempt from and outside the scope of the Income Tax Laws of the State of Missouri by reason of the provisions of the Constitution of the State of Missouri.

"Thereafter a state income tax was duly assessed against respondent, based upon said return in the amount of $134.53, being one per cent of the said net taxable income of respondent, as shown on said return (excluding the sum of $5,500 as compensation as said circuit judge) and said income tax in the sum of $134.53 was in due time paid by respondent.

"Thereafter, on January 21, 1931, appellant Assessor of the City of St. Louis made an additional assessment of respondent's income for the year 1929 in the amount of $5,500 and based said additional assessment upon the $5,500 'compensation prescribed by law' for respondent's services as circuit judge for said year. On January 21, 1931, said Assessor levied an additional income tax in the amount of $55 upon said additional assessment and on said date certified the same to the Collector of the City of St. Louis, Missouri, for collection.

"On February 24, 1931, respondent instituted this proceeding under the provisions of and in full compliance with the terms of Sec. 10135, Revised Statutes of Missouri, 1929, for an abatement of said additional assessment and tax.

"Trial was had below upon an agreed statement of facts, resulting in a judgment in favor of plaintiff (respondent) abating said additional assessment and tax. From said judgment defendants (appellants) have duly perfected an appeal to this court." [Respondent's statement of the case.]

In support of the ruling of the circuit court, respondent contends:

"The assessment and levy of an income tax against the salary of respondent as circuit judge amounts to a diminution of said salary, and is in direct violation of Section 33, Art. VI, of the Constitution of Missouri."

Said Section 33 of the Constitution is as follows:

"The judges of the Supreme, Appellate and Circuit Courts, and of all other courts of record receiving a salary, shall, at stated times, receive such compensation for their services as is or may be prescribed by law; but it shall not be increased or diminished during the period for which they were elected."

At the time of the assessment and levy of the tax in question the following sections of the Revision of 1929 were in force:

Sec. 10115. "The rate of tax shall be one per centum upon net income in each year, as follows:

"First—Each year, at the times and in the manner now or hereafter provided, a tax shall be levied upon, assessed against, collected from, and paid by every individual, a citizen or resident of this state, in such per centum, as now or hereafter provided, of net income, determined as now or hereafter provided, received from all sources during the preceding year, in excess of the exemptions, now or hereafter provided; . . ."

Sec. 10117. "Income shall include gains, profits, and earnings derived from salaries, wages or compensation for personal services of whatever kind and in whatever form paid; . . ."

Respondent's position is that, if said sections be construed to include the compensation prescribed by law which judges of the courts

of record receive for their services, they are to that extent unconstitutional.

Taxes are proportional contributions imposed by the State upon individuals for the support of government and for all public needs. The power to tax is not granted by the Constitution; it is inherent in the Legislature. There are no restrictions or limitations upon the power, except such as are expressly imposed by the State and Federal Constitutions. Section 33, Article VI, of the Constitution does not fall within that category. It was never designed or intended to be a limitation upon the taxing power. These propositions are so obvious that elaboration is unnecessary.

Nor can it be possible that said Section 33 was designed to relieve judges from the burdens of taxation. From its historical background the purpose intended to be subserved by the section is perfectly well known: it is one of the checks and restraints imposed to secure the independence of the judiciary. It is not a tax exemption provision. The thought finds lucid expression in the dissenting opinion of Mr. Justice HOLMES in Evans v. Gore, 253 U. S. 245, 265:

"The exemption of salaries from diminution is intended to secure the independence of the judges, on the ground, as it was put by Hamilton in the Federalist (No. 79), that 'a power over a man's subsistence amounts to a power over his will.' That is a very good reason for preventing attempts to deal with a judge's salary as such, but seems to me no reason for exonerating him from the ordinary duties of a citizen, which he shares with all others. To require a man to pay the taxes that all other men have to pay cannot possibly be made an instrument to attack his independence as a judge. I see nothing in the purpose of this clause of the Constitution to indicate that the judges were to be a privileged class, free from bearing their share of the cost of the institutions upon which their well-being if not their life depends."

The judgment of the circuit court is reversed. All concur.