144 So. 111

### In re OPINIONS OF THE JUSTICES.
### No. 20.

Supreme Court of Alabama.
Nov. 2, 1932.

### Response of the Justices.

To the House of Representatives:

Replying to your House Resolution 166 inquiring as to the constitutionality of House Bill 449, which attempts to levy an occupation tax on the officers or employees therein mentioned, will say: Regardless of what our attitude or duty may be as a court in the event of a legal test of the question, or of any interest we may have in the outcome, we feel impelled to give you our individual opinion as to the information sought, since your resolution requesting same was adopted evidently with the knowledge that we are interested to a certain extent.

Section 150 of the Constitution expressly forbids the reduction of salaries of the judicial officers during their term.

Section 281 provides that the salary, fees, or compensation of any officer holding any civil office of profit under this state or any county or municipality thereof shall not be increased or diminished during the term for which he shall have been elected or appointed.

We may add that sections 68 and 118 also forbid the increase or decrease in the salary, fees, or compensation of certain officers.

It is manifest that any act expressly reducing the salary of the offices covered by the foregoing provisions would be plainly and palpably unconstitutional. So, the question is, Can these provisions be violated indirectly and evaded by clothing the reduction in the guise of an "occupation tax?" That which is forbidden directly cannot be done indirectly, and the law abhors evasions and subterfuges. The highest court of the land, in the case of Evans v. Gore, 253 U. S. 245, 40 S. Ct. 550, 64 L. Ed. 887, 11 A. L. R. 519, has held that a constitutional provision forbidding the diminution of an officer's salary cannot be violated or ignored by the levy of a tax on or against said salary. We think that a careful reading of said case should not only convince the legal, but the lay, mind as well, that the act in question is not only violative of sections 150 and 281, but other provisions of our Constitution.

Signed this the 2d day of November, 1932.

JNO. C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
ARTHUR B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.