THE STATE v. CLAUDE DISHMAN, Appellant.—68 S. W. (2d) 797.

Division Two, February 23, 1934.

*Fred W. Barrett* and *Neale, Newman & Turner* for appellant.

*Roy McKittrick,* Attorney-General, and *Covell R. Hewitt,* Assistant Attorney-General, for respondent.

FITZSIMMONS, C.—Defendant was charged by information, filed in the Circuit Court of Christian County, with the offense denounced by Section 4093, Revised Statutes 1929 (Vol. 4, p. 2894, Mo. Stat. Ann.), in that he, as clerk of the Circuit Court of Christian County, willfully neglected and refused to keep and render a true account of the moneys, fees and emoluments earned and received by him and that he unlawfully retained, used and withheld the same. The cause upon change of venue was transferred to Douglas County where appellant was found guilty and was sentenced to two years in the penitentiary in accordance with the verdict of the jury. From this judgment appellant took an appeal.

As Section 4093 does not appear to have received an authoritative construction since it was enacted in 1879, and as appellant's assignments of error turn largely upon the interpretation of the statute we quote it.

Section 4093, Revised Statutes 1929: "If any collector of revenue, clerk of any court, recorder of deeds, sheriff, or any other public officer of this State, or of any county or city thereof, whose compensation or salary is fixed or limited by law, and who is required to account for and pay into the treasury of the State, county or city of which he is such officer, any and all fees and emoluments received in his official capacity, or on account of his office, which shall be in excess of the sum allowed to such officer, shall willfully neglect or refuse to keep and render a true account of the moneys, fees and emoluments so earned and received by him, or shall unlawfully retain, use or withhold the same, or any part thereof, in excess of the amount justly due and allowed to him by law, every such officer so offending shall be deemed guilty of a felony, and a neglect or refusal to pay over said excess of fees or moneys at the proper time, or on demand, shall be deemed prima facie evidence of his having embezzled and converted the same to his own use; and every person who shall be convicted under any of the provisions of this section shall be punished by imprisonment in the penitentiary not exceeding five years.".

The information, grounded upon the foregoing statute, charged that in 1930, appellant was the Clerk of the Circuit Court of Christian County; that his compensation was fixed and limited by law; that he was required to account and pay into the treasury of Christian County all moneys, fees and emoluments received in his official capacity; that in the year 1930, appellant, as such circuit clerk, received moneys, fees and emoluments and that, unlawfully, willfully

and feloniously he neglected and refused to keep and render a true account of the moneys, fees and emoluments so earned and received by him, and that he unlawfully, willfully and feloniously retained, used and withheld moneys, fees and emoluments in the amounts and descriptions as follows: . The amount of $25 received from Harry Stubblefield in the year 1930.

The record shows beyond reasonable dispute that appellant was Clerk of the Circuit Court of Christian County in 1930; that, in an action entitled the State of Missouri v. Harry Stubblefield, there was rendered a judgment of a fine of $25 and costs against the defendant Stubblefield; that the fine and costs amounted to $118.65; that Stubblefield paid this amount by means of a check payable to appellant as circuit clerk; that appellant deposited the check in his official deposit account in the Christian County Bank; that the check was collected from the bank upon which it was drawn, and that the fine of $25 was not paid to the Treasurer of Christian County. This summary of the testimony is sufficient for the examination of appellant's demurrers to the evidence.

I. Appellant's demurrers at the close of the State's case and of the whole case were to the effect that the statute (Sec. 4093, R. S. 1929) and the information would sanction a verdict of guilty if there had been proof that appellant did not account for the fees of his office, but that neither the statute nor the information support a judgment of conviction upon proof that appellant did not account for a fine which he had collected.

It is to be noted that Section 4093, Revised Statutes 1929, concerns only any public officer of the State or of any county or city whose compensation or salary is fixed or limited by law and who is required to account for and pay into the treasury of the State, city or county of which he is an officer any and all fees and emoluments in excess of the fixed or limited sum allowed to him. Fees are a reward or wages given to one as a recompense for his labor and trouble for the execution of his office or profession. [Callaway County v. Henderson, 199 Mo. 32, l. c. 39, 24 S. W. 437.] The word "emoluments" has a broader meaning than "fees." We read in 29 Cyc. 1428, note 72, that the term "emoluments" means the profit "which is annexed to the possession of office, as salary, fees, and perquisites" (Bruce v. Dickey, 116 Ill. 527, 535, 6 N. E. 435), pecuniary in character (Reals v. Smith, 8 Wyo. 159, 168, 56 Pac. 690), and embraces "all other proper receipts of the office not included within the term 'fees' or 'commissions' " (Arapahoe County v. Hall, 9 Colo. App. 538, 49 Pac. 370, 372; Vansant v. State, 96 Md. 110, 128, 53 Atl. 711; Hoyt v. United States, 10 How. (U. S.) 109, 135, 646, 13 L. Ed. 348, 576).

It is apparent that neither the term "fees" nor "emoluments" connotes a "fine," which is a pecuniary punishment imposed by a

lawful tribunal upon a person convicted of crime or misdemeanor. [25 C. J. 1148.] ■ Of the several officers mentioned specifically in Section 4093, collectors of the revenue and recorders of deeds do not collect fines. And the same is true of many officials who come within the general description of "any other public officer" mentioned in the statute. In other words the fact that some of the officers contemplated by the statute, for instance sheriffs and clerk of courts, may collect fines has no bearing upon their inclusion within the terms of Section 4093. The class test of the statute is fixation of salary and the duty to pay over fees. The salaries of clerks of circuit courts are fixed or limited by law. [Sec. 11786, R. S. 1929.] Circuit clerks receive for their services in all civil proceedings fees as scheduled in Section 11785, Revised Statutes 1929, and, for their services in criminal proceedings fees as fixed by Section 11787, Revised Statutes 1929. It is the statutory duty of a clerk of a circuit court to file with the county clerk at the end of each month an itemized report of all fees charged and accruing during such month. The report must show which of those fees have been paid and which have not been paid. It is also the duty of a circuit clerk to pay forthwith to the county treasurer all moneys collected by him during the month and required to be shown in such monthly report of fees charged and accruing. [Sec. 11814, R. S. 1929.] A clerk of a circuit court, therefore, is a full-fledged member of the class of officers to whom Section 4093 applies. He meets all the tests.

■ In the view which we take of the action of the trial court in overruling appellant's demurrer we need not pass upon appellant's contention that the statute defines two separate offenses and therefore that the trial court should have sustained his motion to require the State to elect. But for the better analysis of the merits of the demurrers, we observe that the statute (Sec. 4093) makes it a felony if, first, any officer of the class to which the section applies, shall willfully neglect or refuse to keep and render a true account of the moneys, fees and emoluments so earned and received by him, or, second, if he shall unlawfully retain, use or withhold the same or any part thereof, in excess of the amount justly due and allowed to him by law. These are separate offenses, and relate alone to fees and emoluments earned and received.

The view that the statute defines separate offenses is supported not only by its plain language but by the fact that the statutes fixing the duties of collectors of the revenue, clerks of circuit courts, recorders and sheriffs, uniformly require these officials to make reports of their fees to the county court and to pay their fees to the county treasurer. Quite obviously an officer could not fail to report his fees to the county court and also fail to pay them, as so reported, to the county treasurer and be guilty of but one offense.

■ In the instant case the information charged that appellant

neglected and refused to keep and render a true account of the moneys, fees and emoluments earned and received by him in the year 1930. If that charge had been sufficiently specific, it would have been good under the statute. But the State's case gave proof to the contrary. There were produced in court some of the records which appellant had kept as circuit clerk. And an accountant who prepared an audit report from appellant's official records and who was a witness for the State testified from this report that appellant did not pay to the county treasurer the fine in the Stubblefield case and that there was in these records $734.14 not accounted for. The State, therefore, by offering what the trial court held to be evidence of breach of the statute, drawn from appellant's records, made those records a standard of verity of the moneys, fees and emoluments earned and received by him in 1930. Therefore he was not guilty of failure to keep a true account of the moneys, fees and emoluments earned and received.

The information also charged that appellant unlawfully, willfully and feloniously retained, used and withheld moneys, fees and emoluments in the amounts and descriptions as follows: The amount of $25 received from Harry Stubblefield in the year 1930. If the proof was that the sum of $25 so received from Harry Stubblefield was a fee which appellant as clerk had charged for his services in the case of State v. Stubblefield, and that the sum was in excess of the amount justly due and allowed to appellant by law, the charge and the proof would have been sufficient. But the undisputed evidence of the State was that the sum of $25 of which the information made mention was a fine. Section 4093, Revised Statutes 1929, as we construe it relates alone to fees and emoluments and not to fines. Although the statute in one instance uses the word "moneys," that word, when viewed with its context, does not broaden the scope of the statute. The phrase is: "moneys, fees and emoluments so earned and received by him." Only fees, but not fines, are earned. Therefore the trial court erred in overruling appellant's demurrers to the evidence.

This court held in State v. Howell, 317 Mo. 330, 296 S. W. 370, that Section 4086, Revised Statutes 1929, defined the offense of embezzlement of public moneys by a clerk of a circuit court. If appellant was guilty of any offense in the nature of conversion of the Stubblefield fine, he should have been prosecuted under Section 4086. That section provides that, "if any officer, appointed or elected by virtue of the Constitution of this State, or any law thereof, or any mortgagee, trustee, executor, administrator, curator, guardian, or any officer, agent or servant of incorporated cities and towns, or municipal townships or school or road districts, or any officer or member of any benevolent, trade or religious organization, shall convert to his own use, in any manner whatever, or shall use by way of investment in

any kind of property or merchandise, or shall make way with or secrete any portion of the public moneys, or any moneys that may have come to him or them by virtue of his or their offices or official position . . . every such officer, agent, servant, . . . shall, upon conviction, be punished in the manner prescribed for stealing property of the kind or the value of the article so embezzled, converted, taken or secreted.''

Other assignments of error pass out of the case under our ruling upon the demurrers. The judgment is reversed and the cause remanded for such other and further proceedings as may be consistent with this opinion. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All the judges concur.