THE STATE, Appellant, v. EARL HOLDER.—72 S. W. (2d) 489.

Division Two, May 17, 1934.

*Roy McKittrick*, Attorney-General, and *William W. Barnes*, Assistant Attorney-General, for appellant.

*Rex V. McPherson* and *Robert Stemmons* for respondent.

WESTHUES, C.—The State appealed, in this case, from an order of the Circuit Court of Lawrence County, Missouri, sustaining a demurrer to an information charging respondent in six separate counts with the violation of Sections 4090 and 4091, Revised Statutes 1929. Three of the counts are based on Section 4091 and three on Section 4090.

Count one, which is a sample, charging a violation of Section 4091, reads as follows:

" 'James B. McGuffin, Prosecuting Attorney within and for the County of Lawrence in the State of Missouri upon his official oath of office informs the Court and charges that on or about the 24th day of September, 1932, at and within the County of Lawrence in the State of Missouri, one Earl Holder, then and there being a duly appointed, qualified and acting member of the Board of Commissioners of Buck Prairie Special Road District of Lawrence County, which said Board of Commissioners of the Buck Prairie Special Road District of Lawrence County was then and there charged with the administration and management of a fund of a public nature, to-wit: a fund of money raised by a levy of taxes on the property situate

in Buck Prairie Special Road District of Lawrence County, Missouri, did then and there willfully, feloniously and knowingly aid and promote the appropriation, disbursement and disposition of said money, fund and property for a purpose not directed and warranted by law by then and there unlawfully and feloniously aiding and promoting the payment to himself the said Earl Holder of $51.50 for work and labor in repair work and construction work done by him the said Earl Holder on the roads of the said Buck Prairie Special Road District of Lawrence County and so the said $51.50, good and lawful money of the United States of the value of $51.50, the money and property of the said Buck Prairie Special Road District of Lawrence County then and there, he the said Earl Holder did then and there unlawfully and feloniously embezzle, make way with, convert to his own use and steal, take and carry away, against the peace and dignity of the State.''

Section 4091, in so far as pertinent to the issues involved, reads as follows:

''If any member of any town or city council, or of any county court or commission or body charged with the administration or management of the affairs of any county, or any executive officer or member of any executive department of any city, town or county in this State, or any member of any board or commission charged with the administration or management of any charity or fund of a public nature, by whatever name the same may be called, shall knowingly and without authority of law vote for the appropriation, disposition or disbursement of any money or property belonging to any such city, town, county, charity or fund, or any subdivision of any such city, town or county, to any use or purpose other than the specific use or purpose for which the same was devised, appropriated and collected, or authorized to be collected by law, or shall knowingly aid, advise or promote the appropriation, disbursement or disposition of any such money or property, for any purpose not directed and warranted by law, and such illegal appropriation, disbursement or disposition be in fact effected, every person so offending against the provisions of this section shall be deemed and taken to have feloniously embezzled and converted to his own use such money or property.''

Respondent contends that if all of the allegations of the first three counts of the information are considered as true they are not sufficient to charge an offense under this section.

It is a fundamental rule of law that statutes creating felonies are to be strictly construed and will not be enlarged by implication. [59 C. J. 1113, sec. 660; State v. Lloyd, 7 S. W. (2d) 344, l. c. 346 (4-6), 320 Mo. 236; State v. Dishman, 334 Mo. 874, 68 S. W. (2d) 797.]

178

■ The purpose of the statute Section 4091 seems to us to be plain. By it the Legislature has made it a felony for any officer, coming within its provisions, to appropriate, dispose of or disburse funds for any use or purpose other than the specific use or purpose for which the same was devised, etc. The information in this case specifically charges that respondent was a commissioner of a special road district; that he aided and promoted the payment of $51.50 to himself for work and labor he had performed in repair and construction work on the roads of the district of which he, respondent, was a commissioner. It was not charged that respondent did not perform the labor for which the claim was allowed or that the district did not receive full value therefor. The primary purpose for which money of a special road district is to be expended is for the upkeep of the roads of the district. The money was, therefore, appropriated and expended for the specific use intended by the law. In other words the facts alleged in the information disclose, without doubt, that the funds were not diverted from their proper channel. The diversion of funds was the evil sought to be remedied by the section in question.

■ Sections 8031 and 8079, Revised Statutes 1929, provide that commissioners of road districts must serve without compensation. These sections have reference to the duties of road commissioners in their official capacity and do not refer to labor performed in repairing the roads of the district. ■ Section 8076 provides that contracts let for road work "shall in no case be let to any commissioner, nor shall any commissioner, directly or indirectly, have any pecuniary interest therein other than the performance of his official duties as herein required."

The information does not allege under what article of the statute the special road district mentioned was organized. But, if we assume for the sake of argument that it was organized under Article 10, Chapter 42, which article contains Section 8076, and if we further assume that respondent violated the provision quoted, he would not be guilty of violating Section 4091, supra. The latter section does not in plain terms, or even by implication, declare the acts charged by the information to constitute a felony. It is the disbursement of money or property belonging to the district *"to any use or purpose other than the specific use or purpose for which the same was devised"* that is made a criminal offense. As said before the facts alleged in the information disclose that the money was disbursed for the specific use for which it was collected. The payment of the money, if it was unlawful, was not unlawful because it was disbursed for a purpose other than that for which it was intended, but because respondent was a commissioner of the district and could not contract with himself. The section in question does not cover that situation and, there-

fore, the trial court was right in sustaining the demurrer to the first three counts of the information.

■ Count five of the information is a fair sample of the remaining counts. It reads:

"And the said James B. McGuffin, Prosecuting Attorney as aforesaid acting herein upon his official oath of office informs the Court and charges that at and within the county of Lawrence in the State of Missouri, that one Earl Holder on or about the 29th day of October, 1932, being then and there an officer and agent of a municipal corporation, to-wit: a duly appointed, qualified and acting member of the Board of Commissioners of the Buck Prairie Special Road District of Lawrence County and that then and there a certain claim and demand against said Buck Prairie Special Road District of Lawrence County and in favor of the said Earl Holder, for the sum of $17, for and on account of certain labor alleged to have been performed by the said Earl Holder theretofore for said Buck Prairie Special Road District of Lawrence County on repair and construction work on the roads of said Buck Prairie Special Road District of Lawrence County, was then and there presented to said Board of Commissioners of Buck Prairie Special Road District of Lawrence County for allowance and to be allowed against said Buck Prairie Special Road District of Lawrence County in favor of the said Earl Holder, and the said Earl Holder being such member of the Board of Commissioners of Buck Prairie Special Road District of Lawrence County, did then and there in his official capacity feloniously, willfully, knowingly and corruptly assent to and allow the said claim and demand, being then and there for and on account of services as aforesaid, which had not been authorized or done as provided or required by law, which he the said Earl Holder then and there well knew, against the peace and dignity of the State."

The wording of the information leads us to the conclusion that it attempts to charge the respondent with a violation of Section 4090, Revised Statutes 1929, which reads as follows:

"Any member of the county court, common council or board of trustees, or officer or agent of any county, city, town, village, school township, school district, or other municipal corporation, who shall, in his official capacity, willfully or corruptly vote for, assent to or report in favor of, or allow or certify for allowance, any claim or demand, or any part thereof, against the county, city, town, village, school township, school district or other municipal corporation, of which he is such officer or agent, or against the county court, common council or board of trustees of which he is a member—such claim or demand, or part thereof, being for or on account of any contract or demand or service not authorized or made as provided or required by law—every such person so offending shall, on conviction, be punished

by imprisonment in the penitentiary not more than five years, or by a fine of not less than one hundred nor more than five thousand dollars, or by imprisonment in the county jail not less than two nor more than twelve months, or by both such fine and imprisonment.''

Count five of the information does not disclose under what article of the statute the special road district was organized. We fail to find where the special road district law prohibits a member of the road commission from performing labor for hire upon the roads of his district other than the provisions of Section 8076, Article 10, Chapter 42. No such provision is found in Article 9 of Chapter 42, under which article special road districts may be organized. The only fact alleged in the information which tends to taint the claim with illegality is the fact that the claim was for services performed by the respondent. Since the road district law, under Article 9, Chapter 42, does not prohibit a member of the board of commissioners from receiving pay for labor performed outside of his official duties as a commissioner the section in question certainly cannot be construed to make the allowance of such a claim a felony. The allegation of the information that the services ''had not been authorized or done as provided or required by law'' is a mere conclusion and is not of itself sufficient to charge respondent with a crime under the section in question. The information should set forth the facts rendering the claim illegal and should state in what manner the respondent corruptly voted for the allowance of an illegal claim. Taking all of the facts alleged in the information as true, exclusive of the conclusion pleaded, it does not charge a violation of Section 4090. The trial court was, therefore, correct in sustaining the demurrer to the latter three counts of the information.

The judgment is affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Leedy* and *Tipton, JJ.,* concur; *Ellison, P. J.,* absent.