**STATE of Missouri, Plaintiff-Appellant,**

v.

**Charles F. BOTT, Jr., Defendant-Respondent.**

**No. 35791.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 10, 1974.

Motion for Rehearing or Transfer Denied
Jan. 14, 1975.

Application to Transfer Denied
March 10, 1975.

SMITH, Presiding Judge.

The State appeals from the action of the trial court in dismissing an 18 count indictment against defendant as insufficient. In such a case appeal by the State is permissible. Rule 28.04, V.A.M.R.

Each count charges defendant as a councilman of the City of Maplewood with having participated in the approval of payments of personal expenses of defendant from city funds. Count I is representative of all eighteen counts (although the personal items or services involved differ) and is set forth in full in the margin.[1]

The State contends that the indictment sufficiently charges a violation of Sec. 558.260[2] RSMo 1969, V.A.M.S., or alternatively that it charges a violation of Sec. 558.250, RSMo 1969. Defendant contends that the indictment is defective because it

John C. Danforth, G. Michael O'Neal, David Robards, Jefferson City, Gene McNary, .Frank J. Kaveney, Clayton, for plaintiff-appellant.

Raymond A. Bruntrager, Sr., St. Louis, for defendant-respondent.

---

1. Count I—The Grand Jurors for the State of Missouri, now here in Court duly empaneled, sworn and charged to inquire within and for the body of the County of St. Louis and State aforesaid, upon their oath present and charge that during the months of August and September, 1970, the Defendant, Charles F. Bott, Jr., was a duly elected member of the City Council of the City of Maplewood, County of St. Louis, State of Missouri, a city lawfully incorporated as a city of the Third Class under the laws of Missouri; and that the Defendant, Charles F. Bott, Jr., in the County of St. Louis, State of Missouri, during the months of August and September 1970, did wilfully, unlawly, feloniously and knowingly aid, advise, and promote the disbursement of money belonging to the City of Maplewood for a purpose not warranted or directed by law, said purpose being the payment of a claim by the American Express Company for the purchase of One (1) stereo tape player, said purchase having been made by the defendant for his personal benefit, by purchasing the said stereo tape player and charging the purchase price of said stereo tape player to an American Express Company Charge Account on which the City of Maplewood had guaranteed payment and by thereafter presenting the bill and statement from the American Express Company concerning the said purchase to the City of Maplewood for payment, and by thereafter voting at the Maplewood City Council Meeting to approve the payment of administrative expenses which the defendant knew full well included the said claim for the purchase made by the defendant for his personal benefit; and that said disbursement was, in fact, made to the American Express Company by the City of Maplewood in payment of the said claim; contrary to Missouri Revised Statutes in such case made and provided, against the peace and dignity of the State.

2. 558.260. If any member of any town or city council, or of any county court or commission or body charged with the administration or management of the affairs of any county, or any executive officer or member of any executive department of any city, town or county in this state, or any member of any board or commission charged with the administration or management of any charity or fund of a public nature, by whatever name the same may be called, shall knowingly and without authority of law vote for the appropriation, disposition or disbursement of any money or property belonging to any such city, town, county, charity or fund, or any subdivision of any such city, town or county, to any use or purpose other than the specific use or purpose for which the same was devised, appropriated and collected, or authorized to be collected by law, or shall knowingly aid, advise or promote the appropriation, disbursement or disposition of any such money or property, for any purpose not directed and warranted by law, and such illegal appropriation, disbursement or dis-

fails to allege the specific fund from which the money was improperly diverted.

■ In testing the sufficiency of the indictment we must determine whether:

" . . . it contains all the essential elements or ingredients of the offense set out in the statute and clearly apprises the court and the defendant of what facts constitute the offense whereof the defendant is charged; and also, whether it would be a bar to subsequent prosecution for the same offense." State v. Barlett, 394 S.W.2d 434 (Mo.App.1965) l. c. 436.

We conclude this indictment meets that test. We can concede that the statute is inartfully drawn and at times confusing. Its purpose was and is to " . . . punish certain abuses of public trust." See Laws 1872, p. 59. Part of the confusion arises because of the attempt of the general assembly to cover a broad range of abuses of public trust by individuals occupying different and diverse positions. Deleting those portions which have no application here the statute covers two types of conduct both referred to in the indictments, to wit:

(1) If any member of any city council shall knowingly and without authority of law vote for the disbursement of any money belonging to such city to any use or purpose other than the specific use or purpose for which the same was collected or authorized to be collected by law

and such illegal disbursement be in fact effected

and

(2) if any member of any city council shall knowingly aid, advise or promote the appropriation, disbursement or disposition of any such money for any purpose not directed and warranted by law and such illegal disposition be in fact effected. . . .

■■ We are unable to conclude that the words "specific use" are equivalent to the term "specific fund" as defendant contends. Revenue may be collected by a municipality for many uses including its general needs and the payment of its administrative expenses. It is unlawful for a city to lend its credit or grant public money to any private individual. Constitution Art. VI, Sec. 25. The indictments charge that defendant voted to expend public money for the payment of a private individual debt and we do not find it necessary that the purpose for which the money was collected be included in the indictment, for the purpose for which it was collected was clearly not that for which it was expended. A different problem would be presented if the charge were one of diverting money from one public purpose for which it was collected to another public purpose for which it was not.

We are also unable to conclude that the words "such money" in the second offense above refers back to the specific use language in the first offense. Rather "such"

position be in fact effected, every person so offending against the provisions of this section shall be deemed and taken to have feloniously embezzled and converted to his own use such money or property; but if the same be not effected, then such person so voting, advising or promoting the said illegal appropriation, disbursement or disposition of said money or property, as aforesaid, shall be deemed and taken to have feloniously attempted to embezzle and convert the same to his own use, and, upon conviction of either or any such offense, shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, or by a fine not exceed-

ing fourfold the value of such money or property; provided, however, that in any case when any money has been or shall have been collected by any city, town or county for any specific use or purpose, and it is or shall have become impossible to use such money for that specific purpose, either by reason of the abandonment or failure of such use or purpose, or the satisfaction of such use or purpose, then the members of any such town or city council, and the proper officers of such city, town, county or board herein mentioned, may appropriate such money to any other legitimate use or purpose without becoming liable to any of the aforesaid penalties.

refers to the words "belonging to any such city." The first offense covers the action of a council member voting for the improper diversion of funds either to an illegal use or to a legal use for which the money was not collected. The second offense covers the actions of the council member in aiding, advising or promoting the diversion of funds to an illegal use. The conduct charged here is illegal under either theory.

The essence of the conduct made criminal by this statute is the diversion of public money by a public official. State v. Holder, 335 Mo. 175, 72 S.W.2d 489 (1934). The indictments here sufficiently charge a violation of the statute and it was error to dismiss the indictments. We need not therefore discuss the State's contention concerning Sec. 558.250.

Judgment reversed and cause remanded for reinstatement of the indictments and further proceedings.

KELLY and STEWART, JJ., concur.