**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Marshall LADNER, Defendant-Appellant.**

No. 41609.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1981.

Bernard Edelman, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen. by Michael A. Scearce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Judge.

Defendant was found guilty by a jury of "felonious embezzlement" under former § 558.260 RSMo1969,[1] and he was fined $1.00. He appeals. We reverse.

Defendant raises 9 points on appeal. We discuss only the determinative issue, which requires a reversal. Defendant was originally charged by indictment and then was charged by an information in lieu of indictment. He contends the information was fatally defective because it failed to inform him of the offense with which he was charged. We agree.

As one of its basic requirements, an information must inform the defendant of the "nature and cause of the accusation," U.S.Const. Amends. VI and XIV; Mo. Const., Art. 1, § 18(a), so that he may adequately defend himself, *State v. Downs*, 593 S.W.2d 535, 540 (Mo.1980); *State v. Barnes*, 519 S.W.2d 155, 161 (Mo.App.1974). As a corollary, the information must be sufficiently specific to enable the defendant and the court to determine what facts are properly admissible at trial to support the charge. *State v. Hasler*, 449 S.W.2d 881, 885 (Mo.App.1969). Obviously, to meet these requirements, the information must define a specific offense, and to define a specific offense, our Rules provide the information shall state plainly, concisely and definitely the essential facts constituting the offense charged. Rule 23.01(b)2. "Essential facts" simply means the elements of the offense. *See State v. Cunningham*, 380 S.W.2d 401, 403 (Mo.1964). An information which does not allege the essential elements of the offense charged is void. *State v. Brooks*, 507 S.W.2d 375, 376 (Mo.1974); *State v. Burtchett*, 475 S.W.2d 14, 15 (Mo. 1972). Some statutes detail the essential elements of the prohibited offense. An information framed in the language of any of these statutes necessarily defines the essential elements of the offense and, thus, the information properly notifies the defendant of the specific offense with which he is charged. *E. g., State v. Futrell*, 329 Mo. 961, 46 S.W.2d 588, 590 (1931). However, other statutes define the offense in generic

1. This statute was repealed by our new Criminal Code, which became effective January 1, 1979. Section 576.040.1(4) RSMo 1978 of the Code replaces both § 558.260 RSMo 1969 and related § 558.280 RSMo 1969. "The [Code] sections have been completely rewritten and simplified. The portion dealing with the administrators of 'any charity or fund of a public nature' has been removed. Such activity if fraudulent is covered by the theft crimes. If not fraudulent, it does not belong in the criminal code. The Code section does not apply to members of boards, councils, etc., who vote for disbursements but applies only to the judge or officer who orders or makes such payments." *Comment to 1973 Proposed Code*, preamble to § 576.040, V.A.M.S.

terms and do not individuate the offense. An information which merely tracks this generic statutory language does not define the essential elements of the offense and, thus, the information does not notify the defendant of the specific crime charged. *State v. Kesterson*, 403 S.W.2d 606, 609–611 (Mo.1966); *State v. Hasler, supra* 449 S.W.2d at 885; *see also, State v. DiLiberto*, 537 S.W.2d 671, 673 (Mo.App.1976).

▮ Defendant here was charged with violating former § 558.260 RSMo 1969. The statute attempted to cover a broad range of abuses by individuals occupying different and diverse positions of public trust.[2] The breadth of this attempted coverage is reflected in the language of the statute which defines the prohibited abuses in vague, generic terms. The pertinent language provides:

"If ... any member of any board ... charged with the administration or management of any ... fund of a public nature, by whatever name the same may be called, ... shall knowingly ... aid, advise or promote the appropriation, disbursement or disposition of any such money or property, for any purpose not directed and warranted by law, ... every person so offending against the provisions of the section shall be deemed ... to have feloniously embezzled ... such money ..."

The statute does not individuate the prohibited offense by proscribing specific conduct; rather, in vague, generic terms, it proscribes the illegal diversion of public money by a public official. *State v. Bott*, 518 S.W.2d 726, 729 (Mo.App.1974); *see also State v. Holder*, 335 Mo. 175, 72 S.W.2d 489, 490 (1934). Thus, to inform a defendant of his improper conduct under this statute, i. e., his conduct in appropriating, disbursing or disposing of public funds for a "purpose

not directed and warranted by law," it is essential to identify the specific conduct of defendant which was contrary to law. The information in the present case does not so inform defendant. It merely tracks the generic language of the statute and charges that defendant, as a member of the Board of Directors of Robertson Fire Protection District:

"... during the period from November 1, 1972 to September 17, 1976, acting with others, did wilfully, unlawfully, feloniously, knowingly, fraudulently and corruptly, aid, advise and promote the appropriation, disbursement and disposition of such funds belonging to the Robertson Fire Protection District for purposes other than the management, operation, maintenance, control and supervision of said Robertson Fire Protection District, in that the defendant, acting with others, did aid, advise and promote the payment to the defendant of said funds, for his own personal use, benefit and gain."

Shorn of its nonessential verbiage, the information charges that defendant acted with others to "aid, advise and promote the payment" of fire district funds to himself "for his own personal use, benefit and gain." In short, defendant is charged with securing payment of public funds to himself for his personal use. However, the allegations fail to specify what acts done by defendant to secure the payment were not "warranted by law." The only real limitation on evidence admissible to support the charge is that the acts occurred between November 1, 1972 and September 17, 1976. Thus, the information does not define the essential elements of the crime for which defendant is being charged. In essence, the charge here is nothing more than conclusory statements that defendant violated the statute by some unspecified acts.[3] These

2. As we noted in *State v. Bott*, 418 S.W.2d 726, 728 (Mo.App.1974), § 558.260 was inartfully drawn and was confusing. The confusing nature of our pre-code statutes governing official misconduct is discussed in more detail in the *Comment to the 1973 Proposed Code*. The pertinent part of this Comment appears as a preamble to § 576.040 V.A.M.S.

3. Under the new Criminal Code, official misconduct is still defined in generic terms. § 576.040 RSMo 1978. Our new pattern charge for violation of this statute suggests the charge be specific. MACH–CR 30.16 reads:

"The (Prosecuting Attorney)... charges that defendant, in violation of § 576.040 RSMo, committed the Class A misdemeanor of offi-

statements of unspecified acts are perfectly consistent with innocent conduct. Chapter 321, regulating fire protection districts, provides in § 321.190 RSMo 1969 that board members, like defendant here, shall receive a fee for attending board meetings and also provides that board members shall be reimbursed for their expenditures in performing duties on behalf of the district. Presumably, after the attendance fees are paid and the expenditures are reimbursed, the fees and reimbursements will be spent by the board member for his own personal use. This is not improper.

■ The state apparently suggests that the general allegation of payment of funds for personal use implies that defendant received either attendance fees or reimbursements in excess of the statutory limits. Even if this implication were to make the information sufficiently specific, it would not cure the defect in question for the essential facts required in an information cannot be supplied by implication. *See e.g., State v. Brooks,* 507 S.W.2d 375, 376 (Mo. 1974).

The state also argues the present charge "closely follows the language" of the charge in *State v. Bott, supra,* a charge whose sufficiency was unsuccessfully challenged. *Bott* is inapposite. There the defendant was charged under the provision of § 558.-260 RSMo 1969 which prohibited the use of public funds for any use other than the "specific use" for which the fund was collected. Defendant Bott challenged the failure of the indictment to define the "specific fund" from which the money was improperly diverted. We held the statutory term "specific use" was not equivalent to and did not contemplate "specific fund" and, therefore, the defendant's challenge had no merit. We also note the alleged acts constituting the offense in *Bott* were set out in explicit and abundant detail and, although not suggested as a model charge, we set out the detailed allegations of those acts in the margin.[4]

■ A bill of particulars was filed in this case. Understandably, neither party addressed the issue of whether the bill of particulars validated the information in question for, under present Missouri law, a bill of particulars cannot validate an information that fails to allege the essential elements of the crime charged. *State v. Hasler, supra* 449 S.W.2d at 886. *But cf. State v. Newhart,* 503 S.W.2d 62, 67–68 (Mo.App.1973).

Judgment reversed.

---

cial misconduct, ... in that ..., the defendant ... knowingly [5] (paid over money) (ordered the payment of money) (drew a warrant), as (city) (county) (treasurer) (clerk) (...) (judge of a (municipal) (county) court), as follows: [*allege amount of money involved, to whom paid or ordered paid, and purpose or reason for payment, giving date and sufficient attendant circumstances to identify the transaction*], and defendant did so for a purpose other than the specific purpose for which the same was assessed, levied and collected, such specific purpose being [*allege the specific purpose for which the same was assessed, levied and collected*]." (Emphasis added)

4. "... [Defendant] did wilfully, unlawfully, feloniously and knowingly aid, advise, and promote the disbursement of money belonging to the City of Maplewood for a purpose not warranted or directed by law, said purpose being the payment of a claim by the American Express Company for the purchase of One (1) stereo tape player, said purchase having been made by the defendant for his personal benefit, by purchasing the said stereo tape player and charging the purchase price of said stereo tape player to an American Express Company Charge Account on which the City of Maplewood had guaranteed payment and by thereafter presenting the bill and statement from the American Express Company concerning the said purchase to the City of Maplewood for payment, and by thereafter voting at the Maplewood City Council Meeting to approve the payment of administrative expenses which the defendant knew full well included the said claim for the purchase made by the defendant for his personal benefit; ..."