Dear Representative Holt:
You have requested an opinion from this office as to whether the Hancock Amendment would require the city of Fulton, which operates a municipally-owned utility through its Board of Public Works, to seek voter approval prior to increasing charges imposed upon its customers.
The Hancock Amendment adopted by the electorate on November 4, 1980, added §§ 16 through 24 to Art. X of the Missouri Constitution. Art. X, § 22(a), now provides in pertinent part as follows:
 Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. . . .
It is clear that the city of Fulton may not increase the levy of an existing tax, license, or fee beyond the level currently authorized nor impose a new tax, license, or fee without voter approval. The dispositive issue to be determined, therefore, is whether the charge imposed by the city of Fulton through the Board of Public Works constitutes a tax, license, or fee subject to the proscription contained in § 22(a).
As defined by Missouri courts, taxes consist of proportional contributions imposed upon persons or property for the support of government and for all public needs. See, for example, Leggett
v. Missouri State life Insurance Company, 342 S.W.2d 833 (Mo. Banc 1960); City of St. Louis v. Laclede Power Light Co., 347 Mo. 1066,152 S.W.2d 23 (1941); Taylor v. Gehner, 329 Mo. 511, 45 S.W.2d 59
(Banc 1932).
A license, secondly, refers to a means of regulating and taxing privileges and occupations. A license is, therefore, a permit to do that which would otherwise be unlawful. Commonly, a license may be obtained only upon payment of a sum by the licensee to the licensing entity. That sum may constitute a tax, if the fundamental purpose of the burden is to raise revenue, or a license fee, if it is primarily designed to contribute to the regulation of an occupation or privilege deemed in need of control for the benefit of the public. 53 C.J.S. Licenses § 3.
Fees, lastly, generally encompass payment for official services performed — in this case by officials of the counties or other local subdivisions. See, State ex rel. O'Connor v. Riedel,329 Mo. 616, 46 S.W.2d 131 (Banc 1932) and cases there cited.State v. Dishman, 334 Mo. 874, 68 S.W.2d 797 (1934).
In addition to taxes, licenses, and fees, however, we note that statutes in force on the date of adoption of Art. X, § 22, authorized various "charges" to be collected by counties and other political subdivisions. See, for example, §§ 260.215 and 249.645, RSMo 1978. Properly termed "user charges" or "service charges," as they are often called, are imposed only to defray the expense incurred in providing a service or in making an activity available to those upon whom the charge is imposed. Craig v. City of Macon,543 S.W.2d 772 (Mo. Banc 1976); City of Maryville v. Cushman,363 Mo. 87,249 S.W.2d 347 (Banc 1952). A charge differs from a tax, license, and fee in that: (1) it is not designed to produce revenue over that required to maintain service, (2) it does not relate to the regulation of an occupation or privilege, and (3) it is not imposed in connection with the performance of any official duties. See also, City of New Orleans v. Hop Lee, 29 So. 214 (La. 1901).
It should additionally be mentioned that Fulton's Board of Public Works is proposing an increase in user charges which directly
reflects the increased cost of energy which must be purchased by the utility from outside sources to supply its own customers.
Because the constitutional restriction in question extends specifically only to taxes, licenses, and fees, it is not — according to the general rules of statutory construction — applicable to those burdens imposed which do not fall within the specific listing. Accordingly, we believe that Art. X, § 22, does not require voter approval for a political subdivision to increase or impose a user charge or service charge, the purpose of which is merely to defray the cost of providing the service for which the charge is made, rather than to provide additional revenue for the general support of the local subdivision.
CONCLUSION
It is the opinion of this office that the charges imposed by the Board of Public Works of the city of Fulton for electricity and natural gas consumption do not constitute any type of tax, license, or fee within the meaning of Art. X, § 22, Mo. Constitution, and that increases in those charges do not, therefore, depend for their validity upon voter approval prior to imposition.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Christopher M. Lambrecht.
Yours very truly,
 JOHN ASHCROFT Attorney General