STATE of Missouri, Respondent,

v.

**Michael LONDE, Appellant.**

No. 38163.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 23, 1977.

John J. Stewart, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Sam Pertolet, Asst. Pros. Atty., Clayton, for respondent.

SMITH, Judge.

Defendant appeals his conviction in a court-tried case of stealing by means of false pretenses and deceit, Sec. 561.450 R.S. Mo.1969.

The parties have joined issue upon the question of whether a promise to pay can constitute a false pretense under the statute, where the promisor knows when he makes the promise that he will not pay.[1] Interesting as the question is, we need not and do not reach it.

The information read as follows:

". . . on or about the 20th day of October, 1975, the defendant did willfully, unlawfully and feloniously steal property over the value of $50.00,[2] to-wit: a microwave oven, by means of certain false pretenses and deceit, to-wit: by rep-

resenting that (sic) would pay $350.00 for a microwave oven, which pretenses were made to Doris Ellis, agent for Ellis Company, and were false and untrue and were known to be false and untrue by the said Michael Londe . . . ."

It is apparent that some name or the pronoun "he" should have appeared between the words "that" and "would". This typographical error renders the information fatally defective and the conviction thereunder void. As filed the information fails to state who defendant represented would pay for the microwave oven. That allegation is essential to the offense as charged. False pretenses and deceit are generic terms. An information charging stealing by such means must specify the acts or representations which the State asserts forms the basis for the crime. See *State v. Kesterson*, 403 S.W.2d 606 (Mo.1966); *State v. Hasler*, 449 S.W.2d 881 (Mo.App.1969).

The facts developed at trial demonstrate the seriousness of the deletion here. It is apparent that the attorneys and the court considered that the charge was that defendant had promised to pay. Yet the evidence throughout was that the microwave oven was sold to ParaMedical Supply Service. The purchase order was on a form containing the letterhead of that company, and signed by Mr. Londe as "purchasing agent." The sales invoice stated the oven was sold to ParaMedical Supply Service. The testimony of the prosecuting witness was that she expected payment to come from ParaMedical Supply Service and that she continued billing that entity (if entity it in fact was) when payment was not received as expected. Simply stated there is no evidence that defendant ever promised to pay for the oven. Nor was any attempt made to develop evidence of the business status of ParaMedical Supply Service, whether such a company even existed or whether defendant was an agent of the company. If the oven was obtained by false pretense

---

1. The parties are in disagreement about whether the offense charged is under Sec. 561.450 or Sec. 560.156. We do not decide that as our conclusion applies to either.

2. Why the value allegation was included in what the State contends is an information charging a violation of Sec. 561.450 is not apparent.

or deceit, it was not a false pretense that defendant would pay.

Judgment reversed and defendant discharged.

CLEMENS, P. J., and DOWD, J., concur.