Edward Randall EMMONS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32097.

Missouri Court of Appeals,
Western District.

July 28, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 15, 1981.

Application to Transfer Denied
Oct. 13, 1981.

Christopher P. Raynes, Trenton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Edward Emmons filed a motion pursuant to Rule 27.26 to vacate his judgment and sentence for burglary in the second degree and stealing. His conviction on direct appeal was affirmed by this court in *State v. Emmons*, 595 S.W.2d 792 (Mo.App.1980).

The trial court overruled the 27.26 motion and on this appeal Emmons contends there was a fatal deficiency in the information and that he was denied effective assistance of counsel.

█ Emmons first contends the information failed to allege whether the stealing was accomplished by deceit or without the owner's consent. Such deficiency in an information has recently received full treatment in *State v. Puckett*, 607 S.W.2d 774 (Mo.App.1980). There the court reviewed a number of decisions in which that same question has been raised and concluded that an information is not to be deemed insufficient because it omitted the language "without the consent of the owners" unless such omission makes it impossible for the defendant to discern the nature of the charge. Page 776[4]. Further, the court held that since the information contained no allegation concerning misrepresentations and charged the defendant with having taken the property, the only interpretation to which it was reasonably susceptible was that it described a stealing without the owner's consent. Page 776[5].

In this case the information charged that Emmons did feloniously and burglarously steal, take and carry away certain camera equipment. Emmons makes no contention that he was not able to determine the nature of the charge and from a reading of the previous opinion, it is clear that Emmons did understand the charge and mounted a vigorous defense. Further, the fact that he was charged with having feloniously stolen property in the absence of any allegation concerning misrepresentation leaves the only meaning of the charge that he stole the property without the owner's consent.

█ Emmons next contends the information failed to contain the section number which contained the punishment. This question was dealt with in *State v. Harris*, 598 S.W.2d 200, 202[1, 2] (Mo.App.1980). The court there held that in the absence of any showing of prejudice the omission of the statutory section numbers as required by Rule 24.01(a) [now Rule 23.01(b)4] is not error where the information notified the defendant of the charged offense and would constitute a bar to another prosecution. Again, there is no question in this case that Emmons knew the nature of the charge and there is no contention that the information in this case would not bar another prosecution based on the same offense.

█ Emmons next contends he was denied effective assistance of counsel because his counsel failed to move to have the information quashed because of the defects just noted. Counsel testified in his opinion the information was not defective and, as noted above, it was not. Counsel was not ineffective in failing to attack the information.

█ Emmons further contends his counsel failed to locate two witnesses who would have corroborated his defense. The court found that counsel had made extraordinary efforts to locate and secure the attendance of these witnesses and in furtherance of that effort had obtained continuances of the trial and had obtained certificates to secure the attendance of out-of-state witnesses in the event such witnesses could be located out of state. The court further noted that Emmons had been free on bond and had been unable himself to locate these witnesses.

The judgment of the court is fully supported by substantial evidence and is not clearly erroneous. The judgment is affirmed. Rule 27.26(j).

All concur.