**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John L. MONDAINE,
Defendant-Appellant.**

**No. WD32909.**

Missouri Court of Appeals,
Western District.

Dec. 21, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Feb. 1, 1983.

Robert G. Duncan, Gladstone, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Defendant appeals his conviction for bribery of a public servant and the ensuing sentence of two years. The dispositive issue is the validity of the information.

The evidence at trial consisted in large part of the transcription of a surreptitious recording of a conversation between a detective and the defendant. The conversation can best be described as vague and convoluted. The issue presented does not require any full analysis of this evidence, and it will be referred to only in connection with the point presented.

In pertinent part, the information challenged reads as follows:

[O]n or about the 14 day of April, 1980, ..., the defendant John L. Mondaine, ..., committed the act of bribery of a public servant, by knowingly offering to confer upon Det. William Wilson, a public servant, a detective employee of the Kansas City, Missouri Police Department, the sum of $1,000 per month, for the purpose of having the said police department and employees thereof stop and discontinue surveillance and/or investigation of John L. Mondaine and his activities, past, present and future, which duty of investigation into suspected criminal activity is a violation of the legal duty of the Kansas City Police Department within Kansas City, Missouri's municipal boundaries.

The MACH–CR addressed to the offense that the information purported to charge is as follows:

The (Prosecuting Attorney) ... charge(s) that the defendant, in violation of Section 576.010, RSMo, committed the class D felony of bribery of a public servant ... the defendant knowingly (offered) [*name and title of public servant*], a public servant, a benefit, namely, [*allege the benefit*], in return for the [2] violation by [*name of public servant*] of his legal duty as [*title of public servant*] to [*allege the intended violation*], which defendant knew to be a violation of the legal duty of [*title of public servant*]. MACH–CR 30.10.

Section 576.010 RSMo 1978 creating the offense of bribery of a public official reads as follows:

Bribery of a public servant.—1. A person commits the crime of bribery of a public servant if he knowingly offers, confers or agrees to confer upon any public servant any benefit, direct or indirect, in return for:

(1) The recipient's official vote, opinion, recommendation, judgment, decision, action or exercise of discretion as a public servant; or

(2) The recipient's *violation of a known legal duty* as a public servant.

2. It is no defense that the recipient was not qualified to act in the desired way because he had not yet assumed office, or lacked jurisdiction, or for any other reason.

3. Bribery of a public servant is a class D felony.

(emphasis supplied).

The defendant argues that the information is defective because it fails to allege the acts which the detective recipient of the bribe was to perform or fail to perform in exchange for the tendered bribe as required by MACH–CR 30.10 and § 576.010. The state concedes that the information is defective in this respect. The state's argument is that the factual element covering the manner in which the recipient is to violate his duty is surplusage. The state asserts that the information adequately informs the defendant of the charge and bars a further prosecution and is thus sufficient,

citing *State v. Downs,* 593 S.W.2d 535 (Mo. 1980). There is no doubt as to the principle—the issue is the application of the principle to the facts of this case. More precisely, the issue is the adequacy of the information to allege facts sufficient to inform the defendant of the nature of the charge. Rule 23.01(b)2. The state points to incidents during trial which indicate that the defendant knew the charge was bribery of a public official. This the state asserts satisfies the requirement that the nature of the charge be stated. There may be instances when the defendant's knowledge of the general nature of the offense charged comprehends also knowledge of the *manner* in which the offense was committed.

The proposed act for which a bribe is offered may take an infinite number of forms. The offense may comprehend inaction or action in violation of a public duty. The legislature, in enacting § 576.010 RSMo 1978, utilized generic terms to describe the various elements of the offense, thus permitting the statute to proscribe the almost infinite variations of fact situations that would constitute a "violation of a known legal duty as a public servant." Responsive to this statute, MACH–CR 30.10 directs the insertion of specific facts to particularize the generic language of the statute to the incident for which the defendant is being prosecuted.

■ This is consistent with the case law which has developed to guide the formulation of such informations. The language of the statute may suffice when the statute sets forth the constituent elements of the offense in such a fashion that the *manner* of *commission* of the offense is specified by a recital of the statutory language and a minimal gloss of factual material. When the statute defines the elements of the offense in generic terms, more is required. The principle is well established that specific allegations of the facts are required when the statute uses generic terms to proscribe a variety of factual formulations by which the offense may be perpetrated. *State v. Kesterson,* 403 S.W.2d 606 (Mo.1966); *State v. Newhart,*

503 S.W.2d 62 (Mo.App.1973). The reason for such a requirement is stated in the following language in *State v. Fenner,* 358 S.W.2d 867, 870 (Mo.1962):

> It is vitally important that every man accused of a crime should have a reasonable opportunity to know what he is charged with, and that he not be called upon to meet evidence at the trial which he could not have anticipated from the charge filed against him.

■ The defendant urges that the evidence in this case was insufficient to support submission and although this issue need not be decided, it furnishes the basis for the conclusion that the information is deficient. The detective testified that the bribe was offered first, to induce the officer to leave the defendant alone, and second, to keep the defendant apprised of the activities of the police in connection with the defendant.

The information contains no reference to an attempt to obtain information about police activities and only by a most strained and tortured reading of the charge could defendant have discerned who, under the state's theory, was the object of the bribe.

Read literally, the information charges that the duty of investigation into suspected criminal activity is a violation of the duty of the police. Passing that point and assuming that the information charged that defendant offered the bribe in order to have the *police department* stop surveillance, which cessation of activity would constitute a violation of the department's duty, there was no evidence offered to support that charge. The evidence shows by inference that the defendant wanted the *detective* to stop surveillance of the defendant and inform the defendant of any police investigation into defendant's activities. Thus, the evidence would support a *proper* charge that the defendant offered the recipient detective a bribe to perform acts which were presumably a violation of his duty; namely, to stop his surveillance and inform the defendant of continuing investigation.

The charge as made did not inform the defendant of the thrust of this evidence and is defective. There is no evidence that would support the theory of the information that the detective was to, in some fashion, have the *police department* stop its surveillance of the defendant, for example, by false reports or misinformation. In fact, the officer testified that his inactivity with respect to the defendant's surveillance would not have caused the police department to discontinue surveillance.

As in *Kesterson* and *Newhart, supra,* the information is defective and does not inform the defendant of the manner in which the charged offense was committed. *Newhart* holds, however, that the information is not so fatally defective as to deny the trial court jurisdiction. Before proceeding further, the state may wish to consult *State v. Lusk,* 452 S.W.2d 219 (Mo.1970), which discusses the necessity for careful drafting of the information and instructions when the evidence suggests the offense could have been committed in more than one way.

The judgment is reversed and the cause is remanded.