# STATE of Missouri, Respondent,

v.

# Cheryl ECKARD, Appellant.

## No. 45598.

Missouri Court of Appeals, Eastern District, Division Three.

May 31, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Application to Transfer Denied Sept. 20, 1983.

Timothy A. Braun, Robert C. Wolfrum, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Bob Edwards, Pros. Atty., Troy, for respondent.

CRANDALL, Presiding Judge.

Cheryl Eckard appeals from her conviction in a jury trial of stealing over $150 by deceit. We reverse and remand.

 The dispositive issue presented is whether the information under which appellant was tried and convicted is defective for failure to state the factual basis of the alleged "deceit." Although appellant does not raise this specific point on appeal, this court has the duty to determine, *sua sponte,* the sufficiency of the information. Rule 30.20; *City of Kansas City v. Harbin,* 600 S.W.2d 589, 592 (Mo.App.1980). The amended information charged that appellant

in violation of Section 570.030, RSMo, committed the class C felony of stealing punishable upon conviction under Sections 558.011.1(3) and 560.011 RSMo, in that from September, 1979, to February, 1981, in the County of Lincoln, State of Missouri, the [appellant] appropriated Public Assistance in the form of Food Stamps and Aid to Families with Dependent Children, of a value of at least one hundred fifty dollars, which said property was in charge of Department of Social Services, State of Missouri, and [appellant] appropriated such property from the Department of Social Services, and with the purpose to deprive it thereof by deceit, and that the [appellant], Cheryl Eckard, was convicted of the felony of stealing in the Circuit Court of Lincoln County, Missouri, in Cause No. CR279–57FX on the 23rd day of April, 1979.

The information charged appellant essentially in the language of § 570.030, RSMo (1978). An information which conforms substantially to the statutory language is sufficient, if the statute describes the entire offense by setting out the facts constituting it. *State v. Hasler,* 449 S.W.2d 881, 884 (Mo.App.1969); *see State v. Kesterson,* 403 S.W.2d 606, 609 (Mo.1966). When the statute defines the elements of the offense in generic terms, the defendant is entitled to more than a recitation of the statutory language. *See* Mo. Const. Art. I, § 18(a); *State v. Mondaine,* 646 S.W.2d 372, 374–375 (Mo.App.1982). "The principle is well established that specific allegations of the facts are required when the statute uses generic terms to proscribe a variety of factual formulations by which the offense may be perpetrated." *Id.* at 374; Rule 23.-01(b)(2). "Deceit" is a generic term. *See State v. Kesterson,* 403 S.W.2d at 610–611. Therefore, the use of the term "deceit," without more, to describe the means of theft by appellant was insufficient to apprise her of the fundamental particulars of the offense charged so as to enable her to prepare her defense. *State v. Newhart,* 503 S.W.2d 62, 68 (Mo.App.1973). MACH–CR 24.02.2 (1979) directs that a "concise statement of the means employed and essential elements of 'deceit' ... as defined in § 570.010" be included in an information charging stealing by deceit. Although use of MACH–CR forms is not mandated by

our Supreme Court, informations which follow the MACH–CR forms are deemed to be in compliance with the requirements of Rule 23.01(b). Rule 23.01(e). We therefore encourage the use of these forms.

We hold that the information failed to state the basic facts which constituted the alleged deceit and therefore did not sufficiently apprise the appellant of the fundamental particulars of the offense with which she was charged. Rule 30.20; *see State v. Newhart,* 503 S.W.2d at 68–69. This failure was of such a fundamental character as to constitute plain error.[1] *Id.*

The judgment of the trial court is reversed and the case remanded for proceedings not inconsistent with this opinion.

REINHARD and CRIST, JJ., concur.

1. In view of our disposition of this case, it is not necessary to consider appellant's points.