STATE of Missouri, Plaintiff-Respondent,

v.

Edith M. VOYLES, Defendant-Appellant.

No. 13564.

Missouri Court of Appeals, Southern District, Division Three.

May 1, 1985.

Motion for Rehearing or Transfer Denied May 22, 1985.

David E. Woods, Public Defender, Poplar Bluff, for defendant-appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

This case is a so-called "welfare cheating" case. The defendant was charged with stealing by deceit, as defined and denounced by § 570.030.1. That statute, in pertinent part, provides:

"A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof ... by means of deceit or coercion."

A jury found the defendant guilty, and assessed the defendant's punishment at "No imprisonment, but a fine, in an amount to be determined by the court." The trial court then assessed defendant's punishment at a fine of $5,000, as authorized by § 556.011, RSMo 1978. We reverse and remand.

Some general statement about the case is appropriate. The State's theory was that the defendant obtained state-administered, federally assisted entitlements, specifically, AFDC and Food Stamps in an amount larger than that she should have received because she represented to the Division of Family Services that no member of her household received any Supplemental Security Income (SSI).

The procedure utilized by our Division of Family Services to establish eligibility for state-administered entitlements requires an affirmative statement that an applicant for AFDC (or other public assistance where income level is an eligibility criterion) does not receive SSI benefits, at least when SSI benefits are required to be counted as part of the household income. Upon evidence tending to indicate that defendant represented she was receiving no SSI benefits at a time when she was eligible for and was receiving SSI benefits from the general government—and thereby received excessive entitlements—the State instituted this prosecution as a theft by deceit. Such procedure was proper even though the representation was made prior to the enactment of § 205.967 in its present form. *State v. Malveaux*, 604 S.W.2d 728, 734–35[7] (Mo.App.1980); See also Annot., 22 A.L.R. 4th 534, 543–46, § 4 (1983).

With this background in mind, we consider defendant's contention that the trial court should have sustained her motion for judgment of acquittal made at the close of the State's case-in-chief because the information did not allege reliance upon the misrepresentation made by the defendant. The State answers this contention by repeating the unquestioned rule that when an

information alleges all essential facts constituting the offense but fails to set out those facts necessary for the accused's defense, then the information is subject to a challenge by a bill of particulars but is not fatally defective. *State v. Lewis*, 642 S.W.2d 627, 630 (Mo. banc 1982). We do not find that precedent controlling in this case, primarily because of the nature of the offense charged.

The information upon which the defendant was tried read as follows:

"Bradshaw Smith, Prosecuting Attorney of the County of Carter, State of Missouri, under his oath of office as such Prosecuting Attorney, charges that the defendant, Edith M. Voyles in violation of section 570.030, RSMo, committed the class C felony of stealing, punishable upon conviction under Sections 558.011.-1(3) and 566.011, RSMo, in that on or about March 10, 1980, in the County of Carter, State of Missouri, the defendant appropriated public assistance payments and food stamps. of a value of at least one hundred fifty dollars, which said property was in the possession of and operated by Missouri Department of Social Services, and defendant appropriated such property from the Department of Social Services and with the purpose to deprive them thereof by deceit, by misrepresenting that the defendant did not receive SSI benefits when, in fact, defendant had been and was presently receiving SSI benefits."

The offense of stealing by deceit is a purported innovation of the Criminal Code. So, the narrow inquiry in this case is the extent to which the elements of "stealing by deceit" were changed by the enactment of §§ 570.010 and 570.030. In our opinion, very little. The comment to § 570.030 notes that in 1955, the General Assembly extensively revised the law of larceny, as it did. Laws of Mo.1955, pp. 507–509. The 1955 act contained the following language:

"Section 2. Stealing unlawful.—It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit."

This section appeared in the 1959 revision and subsequently as § 560.156.2. It was replaced by § 570.030 when the Criminal Code of 1979 was enacted. Section 570.030, as far as material here, adds only the words "or coercion" as a method or means of stealing.

Section 570.010(7), RSMo (Supp.1983), defines "deceit" to mean "purposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind." The commentary to the original version of § 570.010 ran as follows:

"(7) 'Deceit.' Currently, Missouri statutes do not define deceit. Most of the new codes do define it, but often the definition is verbose and complicated. The Code definition is more straightforward. It makes it clear that the actor must *purposely* make a representation which is false, *which he does not believe is true and upon which the victim relies.*"

So, the elements of "deceit" as conceived by the framers of the Criminal Code may be conveniently said to be that an accused 1) purposely, 2) make a representation of fact, law, value, intention or other state of mind; 3) *which he does not believe to be true*, and 4) *upon which the victim relies.* (Emphasis added.)

There are several rules which are well established and which control and govern the sufficiency of the information filed in this case. An indictment or information must allege all elements of the crime intended to be charged and if such elements are missing they cannot be supplied by intendment or implication. *State v. Gilmore*, 650 S.W.2d 627, 629[6] (Mo. banc 1983); *State v. Brooks*, 507 S.W.2d 375, 376 (Mo.1974); *State v. Atterberry*, 659 S.W.2d 339, 341 (Mo.App.1983); *State v. Charity*, 619 S.W.2d 366, 367[2] (Mo.App. 1981). Further, if the statute creating the offense uses generic terms in defining the crime, it is necessary that indictments or

informations thereunder recite the conduct constituting the crime with sufficient particularity as to inform the accused of the specific offense of which he is accused, so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense. *State v. Kesterson*, 403 S.W.2d 606, 609[1] (Mo.1966); *State v. Fenner*, 358 S.W.2d 867, 869–70 (Mo.1962). And, it is clear that to the extent § 570.030 denounces stealing by deceit, it uses generic terms to define the offense. *State v. Eckard*, 655 S.W.2d 596, 597–98 (Mo.App.1983).

■ Perhaps this information recites facts sufficient to apprise the defendant of the fundamental particulars of the offense charged against her so as to enable her to prepare her defense, although the defendant made three separate applications, the information does not specify any particular application, and only by inference can we gather that the defendant represented she was not receiving SSI benefits, *knowing* the representation to be untrue. Nowhere does the information charge reliance by the Department of Social Services on any of the applications in computing and paying out the public assistance the defendant received. This is an essential element of theft by deceit. *State v. Kesterson, supra*, 403 S.W.2d at 611[3, 4]. The information is fatally defective, the motion for judgment of acquittal made at the close of the State's case-in-chief was timely and accordingly, the cause is reversed and remanded.

■ However, so the opinion will not be misunderstood, we should point out that because the information was fatally defective, the trial court never had jurisdiction and thus jeopardy did not attach. *Schlang v. Heard*, 691 F.2d 796, 798[2] (5th Cir. 1982), cert. denied, 461 U.S. 951, 103 S.Ct. 2419, 77 L.Ed.2d 1310 (1983). Therefore, on remand, the State should be afforded an opportunity to seek leave to file an amended information or take such other action as the State deems advisable. *State v. Cunningham*, 380 S.W.2d 401, 403[10] (Mo. 1964). It is so ordered.

TITUS, J., concurs.

PREWITT, C.J., and CROW, P.J., concur specially.

MAUS, J., dissents.

PREWITT, Chief Judge, concurring.

I believe that the information was sufficient to adequately advise defendant of the charge but I am compelled to concur by *State v. Kesterson*, 403 S.W.2d 606, 611 (Mo.1966). By alleging in the information that defendant obtained the property "by deceit, by misrepresenting that the defendant did not receive SSI benefits when, in fact, defendant had been and was presently receiving SSI benefits", the information necessarily alleges reliance upon the misrepresentation.

In *Kesterson* the information was more general. It alleged that money was obtained "by means of deceit", but did not set forth what the misrepresentation was. However, the opinion stated "that the information must charge that the victim relied on the misrepresentations with which defendant is charged." I read it to require that this be specifically set forth in the information.

In view of present day discovery and procedures, I question whether such specificity should be required, but as the crime charged is basically the same now as it was at the time of *Kesterson*, and as a decision of the Missouri Supreme Court which this court must follow, I consider *Kesterson* controlling and reluctantly concur.

CROW, Presiding Judge, concurring.

I concur in the result but find it necessary to point out that, contrary to the State's assertion, the information in the instant case does not track MACH–CR 24.-02.2 in faithful detail. MACH–CR 24.02.2 requires that an information charging stealing by deceit include "a concise statement of the ... *essential elements* of 'deceit' ... as defined in Section 570.010." (Emphasis added.)

Section 570.010(7), Laws 1979, p. 636, provides, in pertinent part:

" 'Deceit' means purposely making a representation which is false *and which the actor does not believe to be true and upon which the victim relies*, as to a matter of fact, law, value, intention or other state of mind." (Emphasis added.)

While it might be argued that the information in the instant case implicitly alleges that defendant did not believe the misrepresentation to be true, the information nowhere alleges that the Department of Social Services relied on the misrepresentation. Consequently, it fails to "track" MACH–CR 24.02.2.

MAUS, Judge, dissenting.

I respectfully dissent. In *State v. Kesterson,* supra, at p. 607, the information charged that the defendant did steal "by means of deceit" $2,564, the property of Jennie L. Walker. There was no reference to any specific representation made by the defendant to Walker. In fact, the information did not allege the deceit was accomplished by any misrepresentation. When used in this context, the term "deceit" was found to be a generic term.

However, I do not believe *State v. Kesterson,* supra, controls this case. It is significant that in *State v. Kesterson,* supra, the statement that a recital of reliance by the victim was essential, was not required for the disposition of the case. It is likewise significant the information was not presented in the light of a statutory definition of deceit. See § 570.010, Comment to 1973 Proposed Code (7). It is of decisive significance that the information contained no reference to a misrepresentation. *State v. Eckard,* 655 S.W.2d 596 (Mo.App.1983) may be distinguished upon the same basis.

It must be conceded the information does not fully follow MACH–CR 24.02.2 and the Notes on Use thereto. An applicable pattern charge should be given careful attention. However, error is not established nor presumed because the information did not follow MACH–CR 24.02.2. *State v. Mitchell,* 611 S.W.2d 223 (Mo. banc 1981).

"[T]he purpose of an information or indictment is twofold: to inform the accused of charges against him so that he may prepare an adequate defense; and to preclude retrial on the same charges should a jury acquit him." *State v. Lewis,* 642 S.W.2d 627, 630 (Mo. banc 1982). "The test of sufficiency of an indictment is whether it contains all essential elements of the offense as set out in the statute and clearly apprises defendant of facts constituting the offense." *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983). As a corollary of that test, generally an information is sufficient if it follows or tracks the statute declaring the offense. *State v. Eckard,* supra. This is true even though the statutory definition of the offense uses terms which are, in turn, defined by statute. Compare *State v. Copeland,* 456 So.2d 1150 (Ala.Cr.App. 1984) and *Lewis v. State,* 659 S.W.2d 429 (Tex.Cr.App.1983). An information in statutory terms may sufficiently allege an element by intendment. *State v. Puckett,* 607 S.W.2d 774 (Mo.App.1980); *Emmons v. State,* 621 S.W.2d 329 (Mo.App.1981). However, as observed in the majority opinion, an information tracking the statute is not sufficient when the statutory definition of the offense employs a generic term. Or stated another way, "[w]hen the statute defines the elements of the offense in generic terms, more is required." *State v. Mondaine,* 646 S.W.2d 372, 374 (Mo.App. 1982). In this connection, a term is generally said to be generic when it does not proscribe specific conduct by which the offense is perpetrated. *State v. Ladner,* 613 S.W.2d 951 (Mo.App.1981).

In essence, the information in question alleges the defendant appropriated money of the state "by deceit, by misrepresenting that the defendant did not receive SSI benefits when, in fact, defendant had been and was presently receiving SSI benefits." The information clearly tracks the statute. By statute, the term "deceit" has only one meaning. " 'Deceit' *means* purposely making a representation which is false and which the actor does not believe to be true and *upon which the victim relies*, as to a matter of fact, law, value, intention or other state of mind." § 570.010(7) (emphasis

added). When amplified by specification of the misrepresentation relied upon by the state, the term "deceit" is not generic. By the use of that term, the information sets forth the elements of the offense as set out in the statute. By a fair reading of the information, the defendant had notice of the elements of the offense with which she was charged. *State v. Goddard,* 649 S.W.2d 882 (Mo. banc 1983). I would hold the information sufficient.