**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dale DOERING, Defendant-Appellant.**

No. 50438.

Missouri Court of Appeals,
Eastern District,
Division One.

April 15, 1986.

Deborah Lambdin Stockhausen, St. Louis, for defendant-appellant.

William L. Webster, John M. Morris, Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant Dale Doering was convicted by a jury of one count of stealing by means of deceit, Sec. 570.030, RSMo Cum.Supp.1984, and one count of attempt to commit stealing by means of deceit, Sec. 570.030 RSMo Cum.Supp.1984. Appellant was sentenced to four years imprisonment on each count, the sentences to be served concurrently. He appeals.

This case must be reversed on jurisdictional grounds. The trial court lacked jurisdiction because of a defective amended information in lieu of indictment.

The amended information charged that appellant:

> ... on the third day of November, 1982, in violation of Section 570.030, RSMo, committed the class C felony of stealing, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that the [appellant] appropriated two television sets, each of a value of at least one hundred and fifty dollars, which said property was owned by DISCO DISTRIBUTING, and [appellant] appropriated such property from DISCO DISTRIBUTING, and with the purpose to deprive the owner thereof by deceit by representing to agents of DISCO DISTRIBUTING that he had authority to receive said televisions for GENE LOVE T.V. when such authority did not exist[;]

and that appellant

> ... on the third day of November, 1982, in violation of Section 570.030, RSMo, committed the class C felony of stealing, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that the [appellant] appropriated three television sets, each of a value of at least one hundred and fifty dollars, which said property was owned by INTERSTATE SUPPLY, and [appellant] appropriated such property from INTERSTATE SUPPLY, and with the purpose to deprive the owner thereof by deceit by representing

to agents of INTERSTATE SUPPLY that he had authority to receive said televisions for HAMPTON APPLIANCE when such authority did not exist.

This information charged appellant essentially in the language of 570.030, RSMo Cum.Supp.1984. Generally, it is enough for an indictment or information to charge the offense in the language of the statute alleged to be violated if the statute states all the constituent elements of the offense. *State v. Kesterson,* 403 S.W.2d 606, 609[1] (Mo.1966).

A major qualification of this rule states that when "generic" terms are used in defining the offense, specific allegations of facts are required in the indictment or information in order to notify the accused of what he or she is to defend against. *State v. Eckard,* 655 S.W.2d 596, 597[3–4] (Mo.App.1983). "Deceit" is a generic term. *State v. Londe,* 557 S.W.2d 6, 7[1] (Mo.App. 1977), *State v. Kesterson,* 403 S.W.2d at 611[3]. Section 570.010(7) RSMo Cum. Supp.1984, defines "deceit" to mean "purposely making a representation which is false and which the actor does not believe to be true and *upon which the victim relies,* as to a matter of fact, law, value, intention or other state of mind." (Emphasis added)

An indictment or information must allege all elements of the crime intended to be charged and if such elements are missing they cannot be supplied by intendment or implication. *State v. Gilmore,* 650 S.W.2d 627, 629[6] (Mo. banc 1983). If the indictment is insufficient, the court acquires no jurisdiction and anything that happens thereafter is a nullity. *State v. Gilmore,* 650 S.W.2d at 628[2]. Lack of jurisdiction is not helped by a verdict and may be raised for the first time on appeal. *State v. Tierney,* 584 S.W.2d 618, 621[2] (Mo.App.1979).

The amended information here contains specific allegations relating to the facts of appellant's representations and the falsity of those representations. It is silent with respect to any issue of reliance on those representations by the victims. Reliance by the victim on the accused's representations is an essential element of deceit that must be charged in the information. *State v. Voyles,* 691 S.W.2d 452, 455[4] (Mo.App.1985); *State v. Kesterson,* 403 S.W.2d at 611[4].

The state argues that the allegation of misrepresentation in the amended information is enough to make the term "deceit" non-generic and to give the defendant notice of the elements of the offense. The purpose of an information or indictment is to inform the accused of the charges against him so that he may prepare an adequate defense and plead former jeopardy in the case of an acquittal; and to permit the trial court to decide whether the facts alleged will support a conviction. *State v. Gilmore,* 650 S.W.2d at 628[1].

Although it is true that the challenged information gave appellant adequate notice of the elements of stealing by deceit and the evidence of his guilt was strong, this court must follow the *State v. Kesterson* and *State v. Voyles* cases, *supra.* The state would have us follow Judge Maus' dissenting opinion in *Voyles* but we decline to do so in view of the plain language in *Kesterson* and the majority opinion in *Voyles* which follows the *Kesterson* requirement that reliance be charged specifically in the information.

There is no significance to the fact that appellant was eventually convicted on the second count of attempted stealing by deceit. There must be a valid information, even though the verdict may be for a lesser offense comprehended within the greater one charged. *State v. Null,* 355 Mo. 1034, 199 S.W.2d 639, 641[3] (1947).

Appellant's last two points should not occur again on retrial. The points allege the verdict directing instructions given were insufficient to support a conviction of the crimes stealing by deceit and attempted stealing by deceit because the verdict directors did not require the jury to find reliance by the victim as an element of the crimes.

Verdict directing instructions must contain each element of the offense charged and require a finding of every

constituent fact needed to constitute an offense in order to support a conviction. *State v. Rodgers,* 641 S.W.2d 83, 84–5[2] (Mo. banc 1982). MAI–CR2d 24.02.2, Stealing by Deceit or Coercion, requires that all the essential elements of "deceit" as defined in Sec. 570.010 RSMo Cum.Supp.1984 be included in an instruction for stealing by deceit. Reliance is one of those essential elements.

■■■ The notes on use to the MAI–CR instructions should be followed when giving any applicable MAI–CR instruction. It is error not to do so, although the prejudicial effect of the error is to be judicially determined. If the cause is retried care should be taken to abide by the approved procedures.

■■■ Because the amended information was fatally defective and the trial court never had jurisdiction, jeopardy did not attach. *State v. Voyles,* 691 S.W.2d at 455[5]. Therefore, the state may seek leave to file an amended information or take whatever other action is indicated for the situation as it now exists.

The judgment is reversed and the cause is remanded.

CARL R. GAERTNER, P.J., and SMITH, J., concur.