STATE of Missouri,
Plaintiff-Respondent,

v.

David ANDRYSEK,
Defendant-Appellant.

No. 50125.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 15, 1986.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 20, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Burton H. Shostak, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Judge.

Appellant, David Andrysek, was convicted by a jury of stealing by deceit, § 570.030 RSMo (Cum.Supp.1983) and sentenced by the court to twelve months imprisonment and fined three thousand dollars. He appeals.

Appellant contends that the trial court lacked jurisdiction on two separate grounds: (1) that the amended information is fatally defective for failing to charge all of the elements of the crime and (2) that the crime did not occur in the State of Missouri.

We will initially address appellant's second contention since we find that this case must be reversed on the ground that the court below lacked subject matter jurisdiction. Briefly, the facts show that appellant obtained checks from the victim when he worked with him in Illinois. The altered checks were drawn on the victim's account with the First National Bank of Collinsville, Illinois. The record is silent as to where the appellant wrote in his name as payee on approximately thirty-six checks and raised the amount of a check. It is clear, however, that appellant presented the checks for payment to a Community Federal Savings & Loan office in St. Louis, Missouri and these checks were honored.

■ Missouri has not adopted a general jurisdictional statute to govern situations such as this. Under the common law rule enunciated in *State v. Shaeffer*, 89 Mo. 271, 1 S.W. 293, 294[1] (1886) the crime of obtaining money by false pretenses is within the jurisdiction of the court of the state or county in which the money or property is obtained. 22 C.J.S. Criminal law, § 136, p. 362. Thus, the court in *Shaeffer* held that Missouri courts had no subject matter jurisdiction in a criminal case charging obtaining money by false pretenses notwithstanding the fact that all of the necessary elements except the payment of money by the victim occurred in Kansas City, Missouri. The defendant in *Shaeffer* drew a draft on the victim payable at sight to the defendant's order and signed by the victim in Kansas City. The victim's New York bank honored the draft and charged the victim's account. The court found the victim's money was obtained only when he no longer exercised dominion or control over it, i.e., after his New York bank paid the draft and charged his account. *See State v. Mandell*, 353 Mo. 502, 183 S.W.2d 59, 64[11] (1944) where application of an identical test determined that proper venue in a prosecution for obtaining money by false pretenses was the county where the checks were charged to the victim's account rather than the county where they were deposited.[1]

■ Applying the foregoing rule to the facts presented here, we find that the money was obtained from the victim in Illinois where the First National Bank of Collinsville charged the victim's account for the amount of the checks. Accordingly, the crime did not occur in the State of Missouri. Nevertheless, we believe the jurisdictional "locus rule" of *Shaeffer* is unduly restrictive in light of the complex interstate transactions of the present day. Any change from the existing law, however, must be undertaken by our legislature.

■ Appellant also contends that the information is fatally defective because it fails to charge all the elements of deceit as defined in § 570.010 RSMo (Cum.Supp. 1984). The amended information charged that appellant:

1. The common law venue rule has been abrogated by the enactment of § 541.033 RSMo 1978.

Between September 15, 1983, and June 27, 1984, in violation of Section 570.030 RSMo committed the Class C felony of stealing, punishable upon conviction under § 558.011.1(3) and § 560.011 RSMo in that the defendant appropriated money in check form, totalling in excess of $4,000.00 of a value of at least one hundred fifty dollars, which said property was owned by John Taylor, and defendant appropriated such property from John Taylor and with the purpose to deprive him thereof by deceit in that defendant took checks from a checking account belonging to John Taylor and either made the checks payable to himself or raised the amount of said checks without the knowledge or permission of John Taylor and that the defendant thereby obtained money from the checking account of John Taylor and that John Taylor was thereby deceived by the defendant.

This information essentially charged appellant in the language of § 570.030 RSMo (Cum.Supp.1984) which in pertinent part provides:

A person commits the crime of stealing by deceit if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.

§ 570.010(7) RSMo (Cum.Supp.1984) defines deceit as *"purposely making a representation which is false* and *which the actor does not believe to be true* and *upon which the victim relies* as to a matter of fact, law, value, intention or other state of mind."* (emphasis added). An indictment or information must allege all essential elements of the crime intended to be charged and if such elements are missing, they cannot be supplied by intendment or implication. *State v. Voyles,* 691 S.W.2d 452, 454 [2] (Mo.App.1985); *State v. Doering,* 708 S.W.2d 792, 794 (Mo.App.1986). As we understand the *Voyles* opinion cited to us by appellant, it requires that all elements of deceit in § 570.010 be specifically charged in the information. In particular, the element of reliance must be specifically

charged or the information is fatally defective. *State v. Kesterson,* 403 S.W.2d 606, 611 [4] (Mo.1966); *State v. Voyles, supra* at 455 [4]; *State v. Doering, supra* at 794. Therefore, were it not for our disposition of this appeal on another ground, we would be required to find the information here fatally defective for the reason it fails to specifically charge the element of reliance.

The judgment is reversed.

REINHARD and CRIST, JJ., concur.