**STATE of Missouri, Respondent,**

v.

**Gregory Armin SCHER, Appellant.**

**No. 49498.**

Missouri Court of Appeals,
Eastern District,
Division Nine.

Sept. 2, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 8, 1986.

Mary Elizabeth Dockery, Office of Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Paul La-Rose, Asst. Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his jury conviction for stealing over $150 by deceit. He was sentenced by the court, as a persistent offender, to fifteen years' imprisonment. On appeal he asserts the State failed to make a submissible case; or if the case was submissible, then the crime occurred in Texas, and therefore, Missouri had no jurisdiction. We affirm.

We view the evidence in the light most favorable to the verdict. *State v. McMikle,* 673 S.W.2d 791, 793[2] (Mo.App.1984). Who would not like to watch a space shuttle launch from an airplane flying close to the launch site? Apparently the temptation proved to be too much for defendant to resist. On June 17, 1983, defendant, claiming to be a vice-president of Professional Air Center (PAC) called James Grove, the owner of JBH Air Charter, a company located in Houston, Texas. Defendant, representing himself as acting for Senator Thomas Eagleton, requested to charter an aircraft to pick up himself and another person in St. Louis, fly them to Florida, and return with the Senator and his family to St. Louis. Grove was unable to check defendant's credit due to the fact the call was made at approximately 10 p.m. Defendant represented PAC would pay for the flights, and the payment would be guaranteed by Senator Eagleton. However, defendant had no authority to act for Senator Eagleton; and in fact, the Senator disclaimed any knowledge of defendant.

In accordance with defendant's instruction, JBH picked up two passengers in Texas, flew to St. Louis where defendant and a friend boarded the airplane, then they flew to Florida arriving in time to observe the launch from the air. After landing in Orlando, defendant arranged food, lodging, tickets to an amusement park, and a local site-seeing flight conducted by JBH. All of these items were paid for by JBH and were to be billed to PAC.

While in Florida, defendant introduced the JBH pilot to "Senator Eagleton's daughter." In fact, this woman was one Sally McGowan, who was in no way related to the Senator. Sally and her boy friend joined the party on the way back to St. Louis; defendant informed the pilot Senator Eagleton had been at the launch site, but had been called back to Washington, D.C., on business, and was unable to make the flight back to St. Louis. JBH flew the party back to St. Louis where defendant, his friend, and Sally and her boyfriend deplaned. Then the flight continued on to Texas with the other two passengers. JBH charged $9,899.21 for the flights, which defendant did not pay.

In his testimony defendant claimed he, as a representative of PAC, had been duped

by Sally and a friend of hers into arranging the flights, believing he was acting for Senator Eagleton. He specifically claimed Sally held herself out as the Senator's daughter, or was introduced to him as such in her presence, without objection on her part. On rebuttal Sally denied this testimony. The jury convicted defendant and this appeal followed.

Defendant claims error in that the State failed to produce substantial evidence of stealing by deceit. He claims the evidence establishes only a mere failure to pay a debt by PAC, which is insufficient to support a conviction for stealing by deceit. *See State v. Neal*, 680 S.W.2d 310, 313[3] (Mo.App.1984). However, the evidence, when viewed in the light most favorable to the verdict, *McMikle*, 673 S.W.2d at 793, also establishes defendant knowingly and purposely made a false representation of a matter of fact; namely, that payment for the travel was guaranteed by Senator Eagleton. Further, it establishes defendant, by means of this representation, appropriated the services of JBH with the purpose of depriving JBH of those services. Such evidence establishes stealing by deceit. *State v. Davis*, 675 S.W.2d 652, 655[1] (Mo. App.1984). The jury had the right to disbelieve, and apparently did disbelieve, defendant's testimony, *McMikle*, 673 S.W.2d at 795–96[3]; and therefore, the judgment was supported by substantial evidence.

In his other point on appeal, defendant claims if a crime was committed, it occurred in Texas and not in Missouri; and therefore, Missouri did not have jurisdiction over the offense. *See State v. Kleen*, 491 S.W.2d 244, 245[1] (Mo.1973); *State v. Andrysek*, 716 S.W.2d 312 (Mo.App. 1986). He claims the services were first obtained in Texas, where the plane took off with two passengers. Therefore, Texas is the situs of the offense, and Missouri, it is claimed, lacks jurisdiction. We disagree.

The services were first obtained by *defendant* when *he* boarded the plane at Lambert Field in St. Louis County. Prior to this, *defendant* had received no valuable services. The presence of defendant's friends on the plane on the flight from Texas to St. Louis is immaterial; there was no hint defendant acted or conspired with those two people to obtain the services. Their presence appears to have been either a mere fortuity, or, at worst, a subterfuge to attempt defeat jurisdiction in the State of Missouri. Defendant acted in Missouri to deceive JBH, and first took advantage of that deception by obtaining the services in this state. We find no lack of jurisdiction to try the cause.

Defendant has filed, *pro se*, a request counsel address the issue of the sufficiency of the indictment. He claims the indictment was identical to that ruled insufficient in *State v. Doering*, 708 S.W.2d 792, 794 (Mo.App.1986), due to its failure to allege reliance of the victim upon his false representation. Defendant is mistaken. His indictment, after stating the misrepresentation, alleges "and relying upon said false representation, JBH Air Charter provided said services...." Therefore, defendant's *pro se* assertion, which we consider only in an extreme grant of judicial indulgence, (Local Rule K.01) is meritless.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.