**STATE of Missouri, Respondent,**

v.

**Kristopher A. LANG, Appellant.**

**No. 54087.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 1989.

Richard A. Barry, III, St. Louis, for appellant.

Timothy M. Joyce, Pros. Atty., Warrenton, for respondent.

CRIST, Judge.

Defendant was charged with endangering the welfare of two children by *allowing* them to consume intoxicating liquor on December 10, 1984, under § 585.050, a nonexistent statute. He was convicted in a bench trial of endangering their welfare by *aiding and encouraging* said children to consume intoxicating liquor under § 568.050, RSMo 1986. We reverse.

On February 19, 1986, the State was granted leave to file an information in lieu of indictment. The information filed on that date charged defendant with endangering the welfare of two children by *allowing them to consume intoxicating liquor* contrary to § 585.050, RSMo. There was, and is, no such § 585.050.

On February 23, 1987, the prosecuting attorney received leave to file an amended information showing the date of consumption of the liquor to be November 16, 1984, instead of December 10, 1984. This information contained the same erroneous § 585.050 and the same charge *allowing said children to consume intoxicating liquor.* This amended information superseded the previous information filed on February 19, 1986. § 545.110, RSMo 1986.

On August 25, 1987, the defendant filed a motion to dismiss the State's amended information on the grounds the term "allowing" was neither utilized in the underlying statute, § 568.050, RSMo, nor in MAI–CR3d 322.10, and there was no such statute as § 585.050. The trial court denied defendant's motion and allowed the prosecuting attorney to amend the information by interlineation. On the same day, a bench trial was had, and the defendant was found guilty of encouraging and aiding the children to consume liquor.

The amended information was not amended by interlineation. The original, February 19, 1986 information, was amended by pen showing the correct statute as 568.050, crossing out the word "allowing" and substituting therefor the words "encouraging, aiding or causing" the children to consume intoxicating liquor.

In its findings, the trial court stated the State had to prove defendant encouraged, aided or caused the children to consume intoxicating liquor. The State makes no contention the charge of "allowing" is sufficient.

The trial record does not show any amendment of the amended information. The defendant objected to the amended information, his motion was denied, and the amended information was not corrected. Because the amended information superseded the previous information, and the amended information did not set forth an offense contemplated by § 568.050, the defendant must be discharged. *See State v. Andrysek,* 716 S.W.2d 312, 313–14 (Mo. App.1986). Because we reverse on this point, we need not decide the validity of defendant's other points on appeal.

Judgment reversed.

CRANDALL, P.J., and REINHARD, J., concur.